**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF**

**NEW YORK**

| | |
|---|---|
| JOHN DOE ET AL | Case No. 20-CV-10260 |
| vs. | **MOTION FOR CORRECTING RECORDS, CLARIFICATION, REQUESTED RECORDS COPY, CONDITIONAL NOTICE OF APPEAL ET SEQ** |
| CITY OF NEW YORK ET AL | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Plaintiff JOHN ROE hereby moves for an order to vacate this Court's order and other requested relief.

# RELIEF REQUESTED

1. Order to Show Cause directing Judge Stanton issue an order providing, with respect to all order issued, the plaintiffs an extension in order to allow at least thirty days upon actual receipt of Stanton's responsive order/decisions to this and any other related motion.

2. An order by Judge Stanton directing an evidentiary hearing as to the issues and complaints raised herein complete with discovery against the SDNY Court and related Clerk of the Court actors.

1

3. An order to hold an evidentiary hearing as to the issues raised herein complete with discovery against the SDNY and related actors.

4. Order to Show Cause directing Judge Stanton issue an order/decision providing following clarification of reasons, in law and fact, for the following,

    a. Will complying with the January 25, 2021 or any other Stanton order requiring filing and/or re-filing complaints and/or IFP applications cause any of the suits to become statute barred.

    b. Why this Court has continually failed to direct the Clerk of the Court to serve upon the plaintiffs all previous orders, in all dockets, this Court aware have not been served upon the plaintiffs during the 2020 through current period.

    c. Why this Court has failed to support its' orders directing re-filing of IFP applications without any rulings that allege the plaintiffs' IFP applications have violated FRCP 11(a).

    d. Why this Court is unable to adjudicate the IFP applications filed by pseudonym;

    e. Why this Court has suddenly changed its position by adjudicating an IFP motion/application by pseudonym in a new filing immediately after the January 25, 2021 order;

    f. Why this Court persistently orders re-filing of IFP applications by the plaintiffs in original inked signatures;

    g. Why this Court persistently refuses to vacate the dismissal of the 20-cv-9635 action;

    h. Why this Court deliberately disclosed identity information of the plaintiffs in the January 25, 2021 order;

    i. Why this Court persists in employing a fictitious docket 20-cv-4059 in support of its' orders;

    j.   Why this Court persists in falsely holding that the plaintiffs' August 9, 2020 Notices of Appeal were premature;

    k.   Why this Court allowed the Clerk of the Court to maliciously delete the plaintiffs' 20-cv-9635 motion filed on January 11, 2021?

    l.   Why this Court ordered John Roe's dependents each file an IFP motion in their own name in violation of the plaintiffs' rights under Becker v. Montgomery, 532 U.S. 757 (2001) and the plaintiffs' right to self-certification;

    m.   Why this Court has persistently ignored the plaintiffs' complaints about the Clerk of the Court misappropriating the plaintiffs' electronic complaints and associated pleadings in filings made on May 8th, May 18th and May 22, 2020.

    n.   Why this Court has reneged and/or contradicted its' prior orders relating to all dockets, inclusive of failing to order the Clerk of the Court to serve updated docket sheets upon each plaintiff.

5.   An order that clarifies how the pleadings for docket 20-cv-4059 were originally filed with the Clerk's Office including certified copies of all filed documents in addition to certified copies of all Clerk's Office records tied to the original filing including copy of the original filing email and/or envelope.

6.   Accept this motion as Notice of Appeal to all issues raised in Stanton's January 25, 2021 order in addition to any other orders not currently known to Plaintiffs and otherwise noted in controversy.

7.   All other relief that can be provided by this Court.

3

# GOVERNING LAW

8.     Congress in addition to the U.S. Supreme Court, pursuant to Adkins v. E. I. DuPont de Nemours & Co., Inc., 335 U.S. 331 (1948), has defined the IFP motion under 28 U.S.C 1915(a)(1) as self-certification.

9.     FRCP Rule 11(a) (a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

10.    Rule 11(a) literally limits that the signature stating the real name to an attorney, whereas the rule only states that the unrepresented litigant need personally sign the document absent any requirement to be in that person's real name.

11.    Plaintiffs further seek relief, (under FED. R. CIV. P. 60(a)(b), Fed. R. Civ. P. 61 & FED. R. APP. P. 10(e)(1)) from Judges Colleen McMahon and Louis Stanton's Frauds upon the Court which corrupted the Court records in each and every docket, "[u]under Rule 10(e) it is clear that the district court may consider a motion to correct the record even after appeal has been taken." United States v. Mori, 444 F.2d 240, 246 (2d Cir. 1971). Rule 10(e)

12.    A second circuit ruling shows a narrow view of the Fed. R. Civ. P. 61. According to Matusick v. Erie County Water Authority (2d.Cir. 2014), "[u]nder Federal Rule of Civil Procedure 61, courts are instructed to "disregard all errors and defects that do not affect any party's substantial rights." Fed.R.Civ.P. 61.

13.    The governing law supports the need for an evidentiary hearing on each of the plaintiffs' dockets to resolve the raised issues in each of the plaintiffs' motions in addition to the facial defects in the court and clerk's records.

14. But "[e}rror cannot be regarded as harmless merely because the trial judge or the appellate court thinks that the result that has been reached is correct." Federal Practice &. Procedure § 2883. Instead, the "probable effect of the error" must be "determined in light of all evidence." Id. The "substantial rights" language of the Federal Rules has therefore been interpreted to require an examination into the likely outcome of the proceedings.

15. An error is not harmless if "one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Kotteakos v. United States, 328 U.S. 750, 765 (1946); see also United States v. David, 131 F.3d 55, 61 (2d Cir. 1997) (describing Kotteakos as "construing the 'substantial rights' language of 28 U.S.C. § 391 (from which Rule 61 is derived), as requiring an assessment of. 'whether the error itself had substantial influence' on the outcome of the case.")."

16. On the other hand, a ninth circuit ruling shows a broad view of the Fed.R.Civ.P. 61. According Rand v. Rowland (9th Cir.1997), a dissenting judge noted that "[t]he majority opinion reverses, despite the harmless error rule, because (1) the notice was not in plain enough English, and included citation that knight confuse a layman; 0(2) it did not tell Rand that his case would be over if he lost on summary judgment.

17. What matters about an error is whether it caused substantial injustice to a party, not whether the appellate court feels strongly about the desirability of adherence to the rule.

18. Each plaintiff's substantial rights have and remain being irreparable harmed by defective and fabricated documents and information inserted into the record of each and every docket by the Clerk of the Court in addition to Judges Stanton and McMahon which corrupt information is going to pollute all further proceedings at the trial and appellate levels, "In other words, '[e]ven if . . . evidence was admitted in error, this is not a ground for granting a new trial unless it affected [plaintiffs'] 'substantial rights.'" Stowe v. Nat'l R.R. Passenger Corp., 793 F. Supp. 2d 549, 568 (E.D.N.Y. 2011).

5

19. The Court in Kogut v. County of Nassau, EDNY Jul 22, 2013 held, "A district court may, in certain circumstances, amend, correct, or clarify the record. For example, Federal Rule of Appellate Procedure 10(e) provides that '[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." FED. R. APP. P. 10(e)(1); see also Corbett v. Guardian Worldwide Moving Co., 164 F.R.D. 323, 329 (E.D.N.Y. 1995) ("Rule 10(e) provides a mechanism for ensuring that the record reflects accurately what transpired in the district court."

20. The Kogut Court also held, "In addition, Federal Rule of Civil Procedure 60(a) states that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a)."

21. The Kogut Court also held that it may consider both circumstantial and direct evidence, "United States v. DiPietro, No. 02-CR-1237, 2007 WL 2164262, at *2 (S.D.N.Y. July 25, 2007) ('[T]he Court holds that it may consider both direct and circumstantial evidence in ruling on a motion to correct the record under Federal rule of Appellate Procedure 10(e).")."

22. In this motion, Appellant provides direct evidence that originated from the SDNY Court and Clerk's Office.

# BACKGROUND

23. Judge Stanton's January 25, 2021 order is all about shaming and defaming the plaintiffs into submitting to his illogical, ultra vires and unlawful orders.

24. Stanton directed the Clerk of the Court to mail the recent January 25th order exclusively to John Roe and to the exclusion of the other plaintiffs, most likely due to the fact that John Roe is Caucasian and the other plaintiffs are "Black".

6

25. The Court, inclusive of Judges McMahon and Stanton, in addition to the Clerk of the Court have historically, throughout 2020, discriminatorily failed to serve all orders, in all dockets, upon Jane Roe and Jane Roe1 due to their (racial, gender, country of origin) minority status, as there is no other reason in reality for the Court to exclude the other plaintiffs from these proceedings.

26. Plaintiff incorporates the sum and substance of plaintiffs' January 11, 2021 filed motion in 9635 and February 3, 2021 "Amended OSC" in 9635 in support of this motion.

27. In each and every instance of filing the new actions in November and December 2020, the plaintiffs sent copies to John Gencarello and Ruby J. Krajick with a letter advising the Clerk of the Court of the plaintiffs' identities and corresponding contact particulars.

28. Jane Roe and Jane Roe1 are dependents of John Roe.

29. The Court in Becker v. Montgomery ... 532 US 757 (2001) permits the head of the household to file a single notice of appeal in the names of himself with his dependents which translates into a single IFP application in the name of the household head.

30. Stanton directs that the plaintiffs comply with this order to re-file new IFP applications in the following dockets, each of the three Plaintiffs must submit the attached IFP application under seal with their real names, addresses, and signatures.

   a. 1:20-CV-10260, with IFP applications for only two of Plaintiffs — John Roe and Jane Roe, without their real names or signatures
   b. 1:20-CV-4059, only one of the three Plaintiffs submitted an IFP application
   c. 1:20-CV-9635, only two of the three Plaintiffs submitted an IFP application
   d. 1:20-CV-10188, only two of the three Plaintiffs submitted an IFP application

31. Stanton has issued the January 25, 2021 Order to adjudicate multiple previous established dockets and a fictitious docket (4059) with the added imposition that all of the ordered re-filing of IFP applications must be made in the plaintiffs' real signatures.

7

32. Stanton fails to give reasons, in fact and law, for his refusal to adjudicate each and every one of the IFP applications that he has acknowledged were filed with each and every action.

33. Stanton only holds that he wants all of the IFP filed applications refiled by each of the plaintiffs.

34. Stanton's order also directs all plaintiffs to file IFP applications in their real names and signatures without explaining the reason(s) in fact and law that he cannot adjudicate the IFP applications in pseudonyms given the fact that he knows the plaintiffs' identities.

35. Stanton does not offer any reason for demanding original signatures over electronic signatures in violation of the plaintiffs' rights under the SDNY Local Rules and Becker v. Montgomery ... 532 US 757 (2001).

36. At a minimum, Judge Stanton has not directed any of the orders he has issued from November 2020 forward to be served upon the plaintiffs with the minute exception of the recent orders issued on January 25, 2021.

37. John Roe filed a letter motion in docket 9635 with Judge Stanton on January 25, 2021.

38. Judge Stanton, relying upon his judicial tenure and judicial immunity, thereafter issued this order of January 25, 2021 in reprisal to John Roe's letter motion.

39. Judge Stanton's instant order is motivated by racial and other protected categories animus and also calculated to inflict irreparable harm upon the plaintiffs by way of constitutional violations.

40. Stanton references docket 20-cv-9635 in his January 25, 2021 Order, but an internet search indicates that someone maliciously deleted the plaintiffs' motion to vacate the dismissal et seq which was filed on January 11, 2021, but the plaintiffs' amended motion filed on or about February 3, 2021 has not yet been accosted by the Clerk's Office, "**On January 12, 2021, Plaintiffs filed an "Order to Show Cause Vacatur, Correcting Records, Clarification, Requested Records Copy Et Seq." (Id., ECF No. 7.) This most recent filing does not address the deficiencies in the Court's November 20, 2020 order**."

8

41.     The deletion of the January 12, 2021 motion from the Clerk's Office records must have taken place immediately after Stanton's review of that motion.

| # | Date | Description |
|---|------|-------------|
|   | 01/12/2021 | ***DELETED DOCUMENT. Deleted document number [7] Unsigned Order to Show Cause. The document was incorrectly filed in this case. (Text entry; no document attached.) |
| 8 | 02/03/2021 | UNSIGNED AMENDED ORDER TO SHOW CAUSE(NUNC PRO TUNC)FOR VACATUR, CORRECTING RECORDS, CLARIFICATION, REQUESTED RECORDS COPY, CONDITIONAL NOTICE OF APPEAL ET SEQ. filed by John Roe, Jane Roe 1. |
| 7 | 01/12/2021 | Order to Show Cause - Unsigned |
| 6 | 01/05/2021 | CIVIL JUDGMENT: IT IS ORDERED, ADJUDGED AND DECREED that the complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). IT IS FURTHER ORDERED that the Clerk of Court provide Plaintiffs with a copy of |

42.     Stanton's discriminatory and retaliatory disclosure is a direct reprisal over John Roe's January 25, 2021 motion letter in which that letter raised issues of complaint against both Judges Stanton and Colleen McMahon's persistent pattern of racial and other protected categories discriminatory and retaliatory constitutional violations being inflicted upon the plaintiffs in these judges' effort to unlawfully deprive the plaintiffs' constitutional rights.

43.     Judges Stanton and McMahon are not stranger to being complained about by litigants. See Straw v. Dentons US LLP, 20-CV-3312 (LLS); Robinson v. 1-97 (1:18-cv-12233); Komatsu v. The City of New York et al (1:20-cv-10942); Moskovits v. Bank of America N.A. et al (1:20-cv-10537), "**According to Plaintiff, there is now 'an appearance of Judges 'closing ranks' to defend an indefensible abuse of judicial power**,'"

44.     A similarly situated litigant in Straw v. Dentons US LLP, 20-CV-3312 (LLS) filed a recusal motion on the basis that Stanton had violated his due process right by sua sponte dismissing his action, "**On July 13, 2020, the plaintiff filed a 'Motion to Remove Judge and Strike

9

**Dkt 16 Order,' requesting that this case be assigned to another judge in this district because this Court's dismissal was <u>sua sponte</u> and was thus a deprivation of the plaintiff's due process rights. Dkt. No. 17.**,

As explained in the Memorandum Opinion dated July 11, 2020, Judge Stanton had previously dismissed the complaint on June 11, 2020, but granted the plaintiff's subsequent motions for recusal and for reconsideration of the dismissal of the complaint on June 29, 2020. Dkt. No. 15. Because Judge Stanton recused himself, the decision of whether the complaint should be dismissed on reconsideration was assigned to this Court. On reconsideration, this Court again dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on July 11, 2020. Notwithstanding the fact that Section 1915 requires a court to dismiss an IFP case if the actions fail to state a claim on which relief may be granted, this Court's dismissal of the complaint was not sua sponte because the Court was deciding the plaintiff's motion for reconsideration of the dismissal of the complaint, pursuant to Judge Stanton's Order dated June 29, 2020.

45. The record in all actions filed by the plaintiffs clearly reflect that both Louis Stanton and Colleen McMahon have engaged in a persistent discriminatory and retaliatory conspiracy of their operating as a "Tag Team" to inflict calculated "outright in your face" abusive sua sponte dismissals upon the plaintiffs, which have recently taken the form of procedurally disguised Frauds upon the Court.

46. Judges Stanton and Colleen McMahon have an apparent conflict of interest in dealing with each other's trial level cases and the recusal motions in those cases in that both Stanton and McMahon serve together on the **Grievance Committee United States District Court** which raises the issue of their loyalty to prevent their integrity from being impinged by litigants. See, In the Matter of Gregory N. FILOSA, 2013

10

## ALLEGED PLAINTIFF MISCONDUCT

47. The plaintiffs' prior motions have articulated that they followed procedural guidance previously given by the SDNY Pro Se Clerk's Office which covered the IFP and the Pseudonym motions, therefore if Judge Stanton has an issue with John Roe not following Stanton's procedures, this judge needs to deal with the Pro Se Clerk's Office.

48. Furthermore, the plaintiffs also find consistency in their pseudonym filings in legal decisions and publications such as Anonymity in Civil Litigation: The Doe Plaintiff by Wendy M. Rosenberger,

> tity. *Roe v. New York* suggests three alternatives that allow plaintiffs desiring anonymity to avoid the risk of dismissal:
> (1) filing a complaint under the plaintiff's true name, and then requesting a protective order or leave to amend the complaint to shield the plaintiff's identity;
> (2) using pseudonyms in the complaint but setting forth the plaintiff's true name in an attached letter; or
> (3) using a fictitious name in the complaint but verifying the complaint by signing the plaintiff's true name.[11] These alternatives avoid a purely procedural bar to proceeding anonymously, and allow the court to consider whether the circumstances warrant the use of fictitious names.

49. Judge Stanton issued, on January 25, 2021, an order that raised the following issues with respect to the plaintiffs' alleged conduct as follows,

　　a. That the plaintiffs brought actions against many of the same named defendants under the plaintiffs' pseudonyms such as in 20-cv-4059 allegedly filed on May 22nd, 2020,

> this action. On May 22, 2020, Plaintiffs brought an action, also against many of the same defendants named in this action, without their real names, addresses, and signatures, and without a motion seeking permission to proceed anonymously. They did not pay the filing fees and only

　　b. Stanton held that on May 22, 2020 the plaintiffs did not pay filing fees and only **"one of the three Plaintiffs submitted an IFP application. See Roe, et al., v. City of New York, ECF 1:20-CV-4059, 2 (S.D.N.Y. Aug. 5, 2020)."**

11

    c.    Stanton also held in the 1:20-CV-10188 Docket, "**only two of the three Plaintiffs submitted an IFP application.**"

    d.    Plaintiffs filed another action, "**On November 12, 2020, Plaintiffs brought another action without their real names or addresses, and 'without a motion seeking permission to proceed anonymously. They did not pay the filing fees and only two of the three Plaintiffs submitted an IFP application. See Roe, et al., v. City of New York, ECF 1:20-CV-9635, 3 (S.D.N.Y. filed Nov. 12, 2020)**."

    e.    Stanton then issued an order on November 20, 2020 "**the Court directed Plaintiffs to file an amended complaint with their real names, addresses', and signatures, and to submit a motion to proceed anonymously and to pay the filing fees or to submit an IFP application for each Plaintiff.**"

    f.    Stanton thereafter issued another order on docket 9635, "**January 5, 2021, the Court dismissed the action for Plaintiffs' failure to comply with the November 20, 2020 order.**"

    g.    Stanton's January 5, 2021 order on 9635, "**On January 12, 2021, Plaintiffs filed an "Order to Show Cause Vacatur, Correcting Records, Clarification, Requested Records Copy Et Seq." (Id., ECF No. 7.) This most recent filing does not address the deficiencies in the Court's November 20, 2020 order**."

    h.    Judge Stanton "finally" stops droning on and on with his defamatory and contrived maligning of Plaintiffs' reputations by his impermissible and unethical co-mingling of unrelated details outside of the 10260 docket by holding,

12

> Finally, on December 3, 2020, Plaintiffs brought another action without their real names, addresses, and without a motion seeking permission to proceed anonymously. They did not pay the filing fees and only two of the three Plaintiffs submitted an IFP application. *See Roe v. City of New York*, ECF 1:20-CV-10188, 3 (S.D.N.Y. filed Dec. 3, 2020). By order dated December 7, 2020, the Court directed Plaintiffs to file an amended complaint with their real names, addresses, and signatures, and to submit a motion to proceed anonymously and to pay the filing fees or to submit an IFP application for each Plaintiff. (*Id.*, ECF No. 4.) On January 12, 2021, Plaintiffs filed what they label as an "Order to Show Cause for Correcting Records, Clarification and Requested Records Copy," which fails to respond to the Court's December 7, 2020 order. (*See id.*, ECF No. 5.)

i. Stanton then holds under this docket 20-cv-10260 order that he has deliberately not issued any orders in response to Plaintiffs' motions filed on November 12, 2021.

j. Stanton then holds as to the instant 20-cv-10260 order, that he directs the plaintiffs to correct the alleged deficiencies in all of the three named dockets within this order of he will dismiss this action, "**Should Plaintiffs fail to comply with this order, the Court will dismiss this action for failure to cure the above-referenced deficiencies**."

## JUDICIAL FRAUD UPON THE COURT

50. All of the plaintiffs' new action and motion filings have taken place only by email to the Pro Se Clerk's Office, therefore Stanton and the Clerk of the Court must produce the originating email for the 4059 docket and all other dockets created in May 2020.

51. Judge Stanton must produce such email proof to support his otherwise fictitious 4059 Docket.

52. Stanton's incessant employment of the fictious 20-cv-4059 Docket as evidence against the plaintiffs is not simply abuse of judicial discretion, but a calculated Fraud upon the Court.

13

53. Stanton knows or should know by the plaintiffs' motions filed, in response to the outrageous 4059 Docket conspiracy, that the plaintiffs have never received the 4059-index number and have not known about this docket until this January 2021 motions filed in response to Stanton's November and December orders.

## **IMPERMISSIBLE IDENTITY DISCLOSURE**

54. Stanton's instant order continues with his impermissible stripping of John Roe's pseudonym by holding, "The Court. has reason to believe that these cases may have been filed by 'Rudolph Rosenberg'," but John Roe has not filed under this name at any time.

55. Stanton's research for John Roe's identity is not only abusive but recklessly impermissible since his prior orders held that he knew the plaintiffs' identities in both his November and December, 2020 orders.

56. Additionally, John Roe's January 25, 2021 letter motion reiterated the identities and full contact particulars had not changed from prior dockets.

57. Stanton's research and disclosure are entirely impermissible and fraudulent in sum and substance.

58. Stanton's disclosure amounts to sabotaging John Roe and the other plaintiffs' rights to substantive and due process rights under Stanton's order directing motions for leave to proceed by pseudonym.

59. Stanton's words clearly establish that he searched outside of all of the dockets and his intent is purely malicious to sabotage the filed actions and Plaintiffs' State and Federal Constitutional rights, inclusive of access to the courts in addition to their substantive and due process rights as compared to similarly situated litigants.

14

**FAILURE TO ADJUDICATE IFP APPLICATIONS**

60. Judge Stanton drones on about the plaintiffs having filed only two IFP applications, but he refuses to adjudicate the filed IFP applications,

    a. **"one of the three Plaintiffs submitted an IFP application. See Roe, et al., v. City of New York, ECF 1:20-CV-4059, 2 (S.D.N.Y. Aug. 5, 2020)."**

    b. **"On November 12, 2020, Plaintiffs brought another action without their real names or addresses, and 'without a motion seeking permission to proceed anonymously. They did not pay the filing fees and only two of the three Plaintiffs submitted an IFP application. See Roe, et al., v. City of New York, ECF 1:20-CV-9635, 3 (S.D.N.Y. filed Nov. 12, 2020)."**

61. Stanton ordered entirely new and unlawful compliance by the plaintiffs, "**the Court directed Plaintiffs to file an amended complaint with their real names, addresses', and signatures, and to submit a motion to proceed anonymously and to pay the filing fees or to submit an IFP application for each Plaintiff.**"

62. Stanton's demands that all of the plaintiffs must file new IFP applications when he has refused to adjudicate the original IFP applications filed in the original complaint submissions is not only abusive, but amounts to another one of his Frauds upon the Court.

63. Stanton's January 25, 2021 Order seeks to capitalize upon the Clerk of the Court having unlawfully destroyed plaintiffs' January 12th motion to vacate in the 9635 Docket.

64. In the instant docket 20-cv-10260, Stanton held that the plaintiffs violated the Court's orders by failing to , "**Plaintiffs' submitted the complaint without the filing fees and with IFP applications for only two of Plaintiffs — John Roe and Jane Roe, without their real names or signatures**," but Stanton's instant order fails to provide reasons in fact and law explaining why he refused to adjudicate the two IFP applications or why he cannot adjudicate IFP applications in John Doe format when he says he knows the identities of the plaintiffs.

15

65. Furthermore, Stanton's order in 20-cv-10260 clearly manifests the hidden agenda to order the plaintiffs to file all of their pleadings and affidavits in their inked signatures as opposed to their electronic signatures which violates Plaintiffs' constitutional rights under Becker v. Montgomery and the SDNY Local Rules.

## JUDICIAL WARNING – FRAUD UPON THE COURT

66. Stanton's January 25, 2021 order deliberately defames John Roe and the other plaintiffs through the employment of the fictitious 4059 Docket and now including another docket 3911,

> Mr. Rosenberg has a history of repeatedly filing inappropriate motions and failing to comply with the Court's orders, including orders to file complete IFP applications in his own name. *See, e.g., Rosenberg v. City of New York*, ECF 1:20-CV-3911, 13 (S.D.N.Y. Sept. 4, 2020) (describing Plaintiff's disregard of two previous orders requesting IFP applications, denying an unsigned order to show cause as substantially similar to four earlier submissions, which were also denied, and noting that Plaintiff filed a premature notice of appeal); *see also Rosenberg v.*

67. By all accounts, Stanton seeks to defame John Roe and the other plaintiffs through his misrepresentations of the events and facts in unrelated dockets.

68. Stanton's holding that John Roe filed inappropriate motions and failed to comply with the Court's orders to file complete IFP applications in his own name in the 3911 dockets, but that docket states that no IFP application had been filed by any of the plaintiffs.

69. Therefore, Stanton's holding that an IFP application had been filed incomplete and in a pseudonym in 3911 is an utter fraud by Stanton.

70. Thereafter, Stanton references another unrelated docket 4012 holding that John Roe refused to comply with "two previous orders requesting IFP applications in his own name," but the 4012 dockets clearly states that the IFP motion had been filed in his real name, therefore this is another example of Stanton's abusive defamation of the plaintiffs.

16

71. Stanton also held that the plaintiffs' prematurely filed notices of appeal which is one of the most fundamentally nonsensical orders issued to date by Judge Stanton, but not by Judge Colleen McMahon.

72. Stanton fails to appreciate that the 4012 Docket's description of the May 28, 2020 order is exclusively limited to not mentioning anything about the IFP application filed and McMahon's treatment or lack of treatment.

73. The fact remains that it is a final order and therefore all issues are appealable as of right inclusive of the constructive denial of the pseudonym motions, but Stanton appears not to comprehend these legal doctrines in his January 25, 2021 Order, otherwise he would not have held that the plaintiffs' notices of appeal as being premature.

74. Furthermore, McMahon's May, 2020 dismissal was also a final order which Stanton negligently and outrageously contests.

75. Stanton also fails to understand that by the time he was assigned to these dockets, the Court had already lost subject matter jurisdiction to entertain the post-judgment/dismissal motions filed by the plaintiffs, with the exception as to the motions filed up to the first week in July 2020, because the plaintiffs' motions filed within 10 days of John Roe's receipt of the 4012 Civil Judgment incorporated the relief that these motions be treated as Notices of Appeal in the alternative.

76. Therefore, these post-judgment/dismissal motions were constructively denied by the fact that Judge McMahon refused to address them within the permissible time to extend the trial court's jurisdiction and that subject matter jurisdiction to address expired by the time Stanton was assigned to these dockets on and after July 20, 2020.

77. Another issue to Stanton's subject matter jurisdiction is that even though he was assigned to the dockets on and after July 20, 2020 Stanton lacked subject matter jurisdiction and then operated in an appellate capacity as a coordinate court in his efforts to overturn and materially modify the record and orders created under Judge McMahon which Stanton's prejudicial

treatment of these dockets were objected to by the plaintiffs which forced their August 8, 2020 filing of formal notices of appeal.

78. At that point, the Clerk of the Court then concealed the plaintiffs' August 8, 2020 notices of appeal until the plaintiffs' complaints to the Court and the Clerk of the Court forced the Clerk of the Court to finally admit that that administration had hidden these notices and falsely denied receipt of same.

79. Stanton's rants against John Roe about failure to comply with his orders entirely negates the plaintiffs' right to object, be heard and appeal such orders, especially when the record clearly sets out that Stanton's orders are unlawful and rooted in discriminatory and retaliatory fraud.

## WARNING AS EXTORTION

80. Judge Stanton's order includes a warning of adverse judicial action premised upon slander and fraudulent court records, "**Plaintiffs have filed numerous actions under the Roe pseudonyms without the required motions and without following proper procedure. Plaintiffs have continued this pattern despite repeated orders and warnings advising them how to proceed**."

81. It is axiomatic that Judge Stanton is obsessed in achieving corrupt outcomes in each of the plaintiffs' dockets for Judge McMahon that Stanton is not only estranged from the Constitution, but his actions amount to treason to the Constitution. See Sugarloaf Partnership LLC v. Safeway Inc. (8:05-cv-00679), Maryland District Court,

> federal courts "have no more right to decline the exercise of a jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution." Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 404 (1821) (Marshall, J.). Although later decisions have clarified that this "treason" is not absolute in "exceptional circumstances," see Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996),

82.     Plaintiffs take the position set out in this motion that Judge Stanton was recruited by Chief Judge Colleen McMahon to do her "dirty work" against the plaintiffs and that Stanton is so psychologically enmeshed with animus in this conspiracy that he cannot appreciate reality nor the implicated constitutional violations he is violating.

# CONCLUSION

Plaintiff's motion should be granted and include consideration of all papers filed in addition to any other relief that this Court may grant.

Respectfully submitted this 22nd day of February, 2021.

*John Roe*
John Roe