# UNITED STATES DISTRICT COURT
## _____S.D.N.Y. _____
## of
## NEW YORK

|  |  |
|---|---|
| Roe v. City of New York | ) Case No. 20-CV-10260 (LLS) |
| | ) |
| | ) |
| | ) |
| Plaintiffs | ) ORDER TO SHOW CAUSE FOR VACATUR, |
| | ) CORRECTING RECORDS, CLARIFICATION AND |
| v. | ) REQUESTED RECORDS COPY PURSUANT TO |
| | ) FRCP 59(c), 60(b); FRAP 10(e) ET SEQ. |
| CITY OF NEW YORK et al | ) |
| | ) |
| Defendants | ) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Plaintiffs hereby moves for an order to vacate this Court's order

and other requested relief pursuant to FRCP 59(e) and 60(b) et seq..

# RELIEF SOUGHT

1. Show Cause why this Court should not issue an order directing Judge Stanton to issue an order

    explaining by facts and law his authority, jurisdiction and/or judicial discretion to sua sponte

    dismiss the plaintiffs' complaint absent prior notice and opportunity to be heard.

1

2. Show Cause why this Court should not issue an order directing Judge Stanton to issue an order explaining by facts and law his authority, jurisdiction and/or judicial discretion to issue an Order of Dismissal and Civil Judgment in the face of motions that remain pending and were filed before April 21, 2021.

3. Show Cause why this Court should not issue an order directing Judge Stanton to issue an order explaining by facts and law his authority, jurisdiction and/or judicial discretion not to issue an order vacating the April 21, 2021 Order of Dismissal and Civil Judgment

4. Show Cause why this Court should not issue an order directing Judge Stanton to issue an order explaining by facts and law his authority, jurisdiction and/or judicial discretion not to issue an order correcting the record and Clerk's Office docket sheet to conform to the plaintiffs' version of events and records raised herein.

5. Show Cause why this Court should not issue an order directing Judge Stanton to issue an order explaining by facts and law his authority, jurisdiction and/or judicial discretion not to issue an order tolling plaintiffs' time to file a Notice of Appeal.

6. Show Cause why this Court should not issue an order directing Judge Stanton to issue an order explaining by facts and law his authority, jurisdiction and/or judicial discretion not to issue an order to treat the plaintiffs' prior motions that requested these motions be treated as Notices of Appeal.

7. All other relief possible.

8. Accept this motion as Notice of Appeal to all issues raised in Stanton's unserved December 7, 2020 order that are challenged and otherwise noted in controversy.

# SUMMARY INTRODUCTION

9. For all intents, purposes, construction and application of law, Judges Colleen McMahon and Louis Stanton operate as unadulterated professional liars and judicial fraudsters.

10. Judges Louis Stanton and Colleen McMahon in addition to Clerk of the Court Ruby J. Krajick are the personification of public corruption.

11. Stanton has absolutely no legal or ethical issue with abusing his judicial office and authority to make public disclosure of one of the plaintiff's criminal case records that is officially sealed by New York State law.

12. Judge Stanton, and Colleen McMahon, entirely lacks credibility on both a personal and professional level which can easily be discerned from their orders and the plaintiffs' motions factually pointing out these judges as fraudsters.

13. Judge Stanton has been engaged in an ongoing campaign of judicial harassment against the plaintiffs, at the direction of Judge McMahon, for over a year as of the date of this motion.

14. Stanton's unfiled and unserved January 25, 2021 order seeks to force the plaintiffs to re-file their pleadings so as to push the plaintiffs' originating filing passed the statute of limitations expiration date.

15. Stanton maliciously does not take any steps to protect the plaintiffs' constitutional rights that includes protecting them against any inadvertent waiver of procedural and/or substantive rights.

16. Stanton's knows, but conceals directing the plaintiffs to file new IFP motions or applications has the legal effect of moving the originating filing date forward.

17. The official court record clearly establishes that there are two IFP motions and the plaintiffs' January 25, 2021 and February 7th and the 23, 2021 motions still pending before the Stanton court that were filed months before Stanton issued his dismissal order of April 21, 2021.

18. Stanton has not issued an order holding that these pending motions are not tolling motions, but the plaintiffs assert that these motions are either FRCP 59(e) motions or alternatively motions to

re-open to file notices of appeal and extension pursuant to FRAP 4(a)(5) & (6) or for vacatur pursuant to FRCP 60(b) where applicable.

19. Plaintiffs further assert that their motions still pending included the provision that these motions be treated as Notices of Appeal, but Judge Stanton persistently violates the plaintiffs' procedural and substantive due process rights including equal access and protection pursuant to the First, Fifth and Fourteenth Amendments pursuant to the 2n Cir holding in Christopher Barrett, Petitioner, v. United States of America, Respondent, 105 F.3d 793 (2d Cir. 1997) et seq.

20. Stanton's orders also direct the plaintiffs to sign and re-file all of the pleadings including IFP applications in their original inked signatures in violation of the plaintiffs' due process rights under the U.S. Supreme Court's holding in Becker v. Montgomery, 532 U.S. 757 (2001) · 758 · 487 U. S. 312, 315 in violation of the plaintiffs' procedural and substantive due process rights including equal access and protection pursuant to the First, Fifth and Fourteenth Amendments.

21. Stanton's January 25, 2021 and April 21, 2021 orders and judgment are further premised upon Stanton's holding that John Roe and not the other plaintiffs have failed to comply with his orders, but Stanton has not found the other plaintiffs in default even though his orders are directed to punish the other plaintiffs.

22. The plaintiffs filed a multi-docket motion with Judge Stanton's chambers on January 25, 2021.

23. The Plaintiffs re-filed a new multi-docket motion with Judge Stanton's chambers on February 7, 2021.

24. Stanton's January 25, 2021 order was issued in retaliation over the plaintiffs' multi-docket letter motion filed earlier on January 25, 2021.

25. Judge Stanton's unserved and unentered January 25, 2021 order directing the plaintiffs to re-file the complaint and file IFP motions or applications in their original signatures violate the plaintiffs' procedural and substantive due process rights including equal access and protection under the First, Fifth and Fourteenth Amendments.

26. The plaintiffs had learnt of the January 25, 2021 order that is posted on the internet and then filed a responsive R. 59(e) motion on February 7, 2021.

27. The 10260 docket sheet states that the plaintiffs filed a responsive motion on February 23, 2021.

28. The plaintiffs subsequently filed another R. 59(e) motion on February 23, 2021, but the docket sheet does not reflect an order by Judge Stanton establishing that the February 23rd motion is no longer pending before Stanton's court.

29. The plaintiffs originally filed the action pleadings on December 4, 2020 as demonstrated by the email exhibit below, that include two IFP motions and the 545-page complaint,

5/2/2021                    Gmail - RE: SDNY NEW COMPLAINT - JOHN ROE ET AL v. NYPD ET AL ********[BY EMAIL & USPS]**************

 Gmail                                                           MAR COR <hemi67.cor@gmail.com>

**RE: SDNY NEW COMPLAINT - JOHN ROE ET AL v. NYPD ET AL ********[BY EMAIL & USPS]***************

parallax.impact@gmail.com <parallax.impact@gmail.com>                    Fri, Dec 4, 2020 at 12:10 PM
To: Temporary_Pro_Se_Filing@nysd.uscourts.gov
Cc: J VA <SACREDAmbivalence@hotmail.com>, parallax.impact@gmail.com, hemi67.cor@gmail.com

From: sacraruler@gmail.com <sacraruler@gmail.com>
Sent: Friday, December 4, 2020 12:02 PM
To: Temporary_Pro_Se_Filing@nysd.uscourts.gov; 'John Gencarello' <John_Gencarello@nysd.uscourts.gov>; 'Ruby Krajick' <Ruby_Krajick@nysd.uscourts.gov>
Cc: 'J VA' <SACREDAmbivalence@hotmail.com>; hemi67.cor@gmail.com; parallax.impact@gmail.com; sacraruler@gmail.com
Subject: RE: SDNY NEW COMPLAINT - JOHN ROE ET AL v. NYPD ET AL ********[BY EMAIL & USPS]***************
Importance: High

From: parallax.impact@gmail.com <parallax.impact@gmail.com>

[Quoted text hidden]

[Quoted text hidden]

3 attachments

- 2017_25TH PREC CASE - Copy.pdf
  4059K
- SDNY_1915_MOTION_25th PRECINCT_JANE ROE1 - Copy.pdf
  34K
- SDNY_1915_MOTION_25TH PRECINCT_JOHN ROE - Copy.pdf
  34K

30. Whereas the 10260 docket sheet also establishes that the plaintiffs filed two IFP motions,



# APRIL 21ST DISMISSAL

## DEFECTIVE MAILING

31. Judge Stanton's January 25, 2021 unserved upon two of the plaintiffs and unfiled order with the

    Clerk of the Court concludes with his holding that the plaintiffs have not provided their mailing

    address and Stanton does not know their true identities,

    > The Clerk of Court is directed to mail a copy of this order to Plaintiffs and note service
    > on the docket. Because Plaintiffs did not provide physical or email addresses to the Court, the
    > Clerk of Court will not be able to send this order to Plaintiffs. Plaintiffs must provide to the
    > Court their addresses, and the Court may dismiss the action if they fail to do so. *LeSane v. Hall's
    > Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see Fields v. Beem*, No. 13-CV-0005
    > (GTS/DEP), 2013 WL 3872834, at *2 (N.D.N.Y. July 24, 2013) ("A plaintiff is required to notify
    > the Court when his address changes, and failure to do so is sufficient to justify dismissal of a
    > plaintiff's complaint.") (collecting cases).

32. The Clerk of the Court mailed this order to Rudy Rosenberg in a postmarked envelope dated

    January 29, 2021 which factually makes Stanton out to be an unadulterated professional liar,



33. Judge Stanton's sua sponte Order of Dismissal and Civil Judgment were mailed to only one of the
    plaintiffs in an envelope postmarked "04/23/2021" which was delayed mailing to obstruct the
    appellants' ability to file motions pursuant to FRCP 59(e) within the 10-day period after the order
    and civil judgment were issued,



34. The Clerk's Office docket entry of April 22, 2021`, that they mailed the dismissal order and
    judgment in separate envelopes, is an entirely false entry since both judgment and order were
    mailed in the same envelope.

35. The Clerk's Office docket entry that they mailed the dismissal order and judgment on April 22,
    2021 is another perjure laden docket sheet entry by the Clerk's Office as the envelope is clearly
    postmarked April 23, 2020.

36. The 10260 docket sheet has an entry on January 28, 2021 reflects a mailing of an order to one of the plaintiffs, but not all of the plaintiffs absent any justification for failing to mail the order to all of the plaintiffs.

JANUARY 25, 2021 ORDER

37. According to Stanton's January 25, 2021 order, he holds that he reviewed the plaintiffs' January 12, 2021 multi-docket motion filed under both the 10188 and 4059 dockets, but decided to ignore this FRCP 59(e) motion because Stanton felt that it did not address his December 7, 2020 order under docket 10188,

> submit an IFP application for each Plaintiff. (*Id.*, ECF No. 4.) On January 12, 2021, Plaintiffs filed what they label as an "Order to Show Cause for Correcting Records, Clarification and Requested Records Copy," which fails to respond to the Court's December 7, 2020 order. (*See id.*, ECF No. 5.)

38. Stanton's deceitful inclusion of his prior decision, in both dockets 10188 and 4059, being secretly embedded into his January 25, 2021 order under docket 10260 is logically incomprehensible of being anything but a calculated procedural and substantive irregularity of a manifested constitutional magnitude.

39. Stanton confesses in his January 25, 2021 order his decision not to adjudicate the plaintiffs January 12, 2021 motion in filed in other dockets as a means to render the decision of denial, but in a fraudulent manner of deceit so as to secretly violate the plaintiffs' procedural and substantive due process rights under the other dockets being 20-cv-10188 and 4059.

40. According to the 10260 docket sheet, Stanton has deliberately failed to adjudicate the two IFP motions in the January 25, 2021 order in addition to the April 21, 2021 order, therefore the two IFP motions remain pending before Stanton's court.

41. The January 25, 2021 order holds that the plaintiffs filed two IFP application under pseudonym being nothing more than an observation and not a binding legal determination.

42. Stanton's order fails to provide any facts and supporting law that supports the Court's willful failure to process and adjudicate these motions,

> Plaintiffs submitted the complaint without the filing fees and with IFP applications for only two of Plaintiffs — John Roe and Jane Roe, without their real names or signatures. Within thirty days of the date of this order, Plaintiffs must either pay the $402.00 in fees or each of the three Plaintiffs must submit the attached IFP application under seal with their real names, addresses, and signatures. If the Court grants the IFP applications, Plaintiffs will be permitted to

43. Stanton's January 25, 2021 order was not entered into the 10260 docket sheet by the Clerk's Office at any time, therefore a certified transcript to the appellate court would not support that Stanton issued the alleged January 25 2021 order,

**Thursday, January 28, 2021**

| misc | Mail Order by USPS | Thu 01/28 9:03 AM |

Mailed a copy of 4 Order 30 Days Amended Complaint (case opening) to Rudolph Rosenberg at 244 Fifth Avenue, Suite 2992, New York, NY 10001. (kh)

**Monday, January 25, 2021**

| notice | Notice of Case Assignment/Reassignment - Sua Sponte | Mon 01/25 11:33 AM |

NOTICE OF CASE REASSIGNMENT - SUA SPONTE to Judge Louis L. Stanton. Judge Unassigned is no longer assigned to the case. (vba)

**Friday, December 04, 2020**

44. The January 25, 2021 order, that was not entered into the 10260 docket sheet, directs the plaintiffs to re-file amended pleadings signed in the plaintiffs' original "inked" signatures with motions to proceed by pseudonym and that each plaintiff file an IFP application,

> reasons set forth below, the Court grants Plaintiffs leave to: (1) submit under seal an amended complaint with their real names, signatures, and addresses; (2) submit a motion to proceed anonymously; and (3) pay the $402.00 in filing fees or each Plaintiff request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, by submitting under seal three completed and signed IFP applications.[1]

45. Stanton's January 25, 2021 order, that was not entered on the 10260 docket, is not binding upon the plaintiffs, in addition to the fact that the Clerk of the Court deliberately failed to mail the orders and judgment to each of the plaintiffs.

46. Stanton's January 25, 2021 order directs the filing of motions to proceed by pseudonym and new IFP motions, but neither the January 25, 2021 nor the April 21, 2021 orders explain Stanton's failure to ignore the plaintiffs' IFP motions filed on December 4, 2020.

47. Stanton maliciously and unethically includes "Litigation History" to defame the plaintiffs with more of his perjure laden dicta and unfounded rhetoric, but also includes this inflammatory and frivolous information to strip the plaintiffs of their right to have their identities shielded by their motions to proceed by pseudonym.

48. Stanton's legal history comments serve to undermine the plaintiffs' right to obtain anonymity through pseudonyms that have been voided by Stanton's January 25, 2021 order which was electronically published but unserved and unfiled with the Clerk's Office.

49. Stanton's January 25, 2021 order goes on to develop another section under "John Roe's Identity, that serves no other purpose except to unconstitutionally deprive the plaintiffs' ability to obtain a constructive and actual right to proceed in this action and other actions under pseudonym.

50. Stanton goes on to present himself as a detective investigating information in and outside of the 10260 docket so as to justify his malicious interest in defaming the plaintiffs and undermining their pending, appealed and impending motions to proceed by pseudonym.

51. Stanton goes on to expose information about Rudolph Rosenberg as being John Roe which information is sealed by New York State statutes regarding sealed court files,

> this action. Additionally, in describing the arraignment of John Roe in the Manhattan Criminal Court, the complaint includes an excerpt from the proceeding which reads, "THE COURT OFFICER: Docket ending 674, Rudolph Rosenberg; step up please . . . ." (ECF No. 3, at 196.)

52. Therefore, Stanton's January 25, 2021 order was devised and issued to disclose the contents of a criminal court file that has been sealed pursuant to New York State law thereby Stanton violated the plaintiffs' federal and New York State constitutional rights through his abuse of his judicial

office and also through his non-judicial acts in concert with Stanton's judicial acts that took place in his total lack of all jurisdiction.

53. Stanton's January 25, 2021 order further incorporates more of his malicious fabricated rulings and orders as is the case of his September 4, 2020 order under docket 3911 which he holds that Mr. Rosenberg has a history of noncompliance with judicial orders,

> Mr. Rosenberg has a history of repeatedly filing inappropriate motions and failing to comply with the Court's orders, including orders to file complete IFP applications in his own name. See, e.g., Rosenberg v. City of New York, ECF 1:20-CV-3911, 13 (S.D.N.Y. Sept. 4, 2020) (describing Plaintiff's disregard of two previous orders requesting IFP applications, denying an unsigned order to show cause as substantially similar to four earlier submissions, which were also denied, and noting that Plaintiff filed a premature notice of appeal); see also Rosenberg v. City of New York, ECF 1:20-CV-4012 (S.D.N.Y. May 28, 2020). Notably, the Court has

54. Stanton fraudulently omits the fact that the plaintiffs in docket 3911 filed Notices of Appeal in June 2020 and then again on August 9, 2020 because Judges Stanton and Collen McMahon persistently refused to treat the plaintiffs' June and July 2020 motions as Notices of Motions pursuant to Christopher Barrett, Petitioner, v. United States of America, Respondent, 105 F.3d 793 (2d Cir. 1997) et seq.

55. Stanton fails to understand and appreciate that the August 9, 2020 filing of the appeal notice with the 2nd Cir Court of Appeals absolutely and immediately divested the S.D.N.Y court of all subject matter jurisdiction thereby rendering Stanton's subsequent orders void ab initio.

56. Stanton's orders all hold with any degree of factual reference that only "Mr. Rosenberg" but not the other associated plaintiffs are at fault or have failed to comply with his orders.

57. Stanton's January 25, 2021 order entirely focuses upon "Mr. Rosenberg", but concludes with a conclusory fish net approach holding that all of the plaintiffs are at fault without a scintilla of evidence that the other plaintiffs have been cited by Stanton as noncompliant or otherwise warned by Stanton; therefore, Stanton takes adverse action against the other plaintiffs in a guilty by association rationale,

Rosenberg's request to restrict public access to the pleadings in the case). Mr. Rosenberg's history in this Court and Plaintiffs' consistent failure to respond to the Court's orders in previous Roe cases strongly suggest that these filings were made maliciously and with the intent to harass.

## APRIL 21, 2021 ORDER & JUDGMENT

58. Judge Stanton has a history as to his pattern and practice of contorting the Court Rules and governing law that includes the fact that he has historically issued perjure laden orders and decisions justifying his and Judge Colleen McMahon's persistent constitutional violations directed at the plaintiffs across various dockets.

59. Stanton's April 21, 2021 judgment was mailed in the same envelope as the dismissal order and the judgment incorporates content related to a decision that do not establish "finality" by delivery method and corresponding decisional language,

> IT IS ORDERED, ADJUDGED AND DECREED that the complaint is dismissed without prejudice for Plaintiffs' failure to submit an amended complaint, pay the $402.00 in filing fees, or file completed requests to proceed *in forma pauperis*. See 28 U.S.C. §§ 1914, 1915.

60. By example, both of these judges fraudulently refused to adjudicate prior IFP applications under dockets 20-cv-3911, 4012 and the Clerk of the Court's fictitious docket 4059 which was set up through the Clerk's Office's misappropriation of the plaintiffs' pleadings filed under docket 4012.

61. Stanton's April 21, 2021 order also holds that John Roe has a "history" of repeatedly failing to comply with court orders, including orders to file complete IFP applications, but Stanton repeatedly fails to provide the supporting facts and law as to the instances and related orders supporting his instant order,

> The Court has previously noted in this and other cases Plaintiff John Roe's history of repeatedly failing to comply with court orders, including orders to file complete IFP applications, and filing inappropriate motions. *See, e.g.*, ECF 4; *Roe v. City of New York*, ECF 1:20-CV-4059,

62. The 20-cv-10260 docket sheet clearly establishes that Judge Stanton's orders are harassing and

perjure laden in sum and substance by the fact that the docket sheet reflects that the plaintiffs

filed on December 4, 2020 motions to proceed by pseudonym in



63. Notwithstanding the fact that the Clerk of the Court directed her staff to unlawfully take the 4012

docket plaintiffs' IFP application in pseudonym, but Judge Stanton and McMahon thereafter

refused to adjudicate these court created form IFPs in dockets 4059, 4012 and 3911.

64. Stanton's January 25, 2021 unserved order in the 10260 docket makes false rulings singling out

John Roe in a discriminatory and retaliatory fashion to advance Stanton's perjure laden narrative.

65. Stanton's Fraud upon the Court narrative holds that John Roe is not in compliance with the IFP

request policy which is entirely voided by the fact that Judges McMahon and Stanton have

persistently refused to adjudicate IFP court form applications in three dockets being 20-cv-3911,

4012 and even a docket that the Clerk of the Court fraudulently incorporated the plaintiffs'

pleadings, being 20-cv-4059.

66. Stanton's April 21,, 2021 order holds that his prior order, which is not attached and not entered

into the 10260 docket sheet, directs the plaintiffs to file IFP or each file "completed request to

proceed in forma pauperis ("IFP")" but Stanton's order fails to explain what he means by "completed

request",

Plaintiffs, proceeding pro se and anonymously, filed this action alleging that Defendants violated

their rights. By order dated January 25, 2021, the Court directed Plaintiffs, within thirty days, to

submit an amended complaint with their real names, signatures, and addresses; and either pay the

$402.00 in fees required to file a civil action or each submit a completed request to proceed in

forma pauperis ("IFP").

67. Stanton's April 21, 2021 dismissal order, mailed on April 23, 2021 also persistently continues to

make rulings, that this judge knows or should know to be perjure laden, such as his statements

that the plaintiffs under docket 10260 have also started a prior action under docket 4059,

> The Court has previously noted in this and other cases Plaintiff John Roe's history of
> repeatedly failing to comply with court orders, including orders to file complete IFP applications,
> and filing inappropriate motions. *See, e.g.,* ECF 4; *Roe v. City of New York,* ECF 1:20-CV-4059,
> 8 (S.D.N.Y. March 12, 2021). Plaintiff has continued this pattern despite orders advising him

68. Stanton's dismissal order also falsely holds that "John Roe" has engaged in a pattern of

noncompliance with court orders which resulted in a "warning" in the January 25, 2021 order,

> 8 (S.D.N.Y. March 12, 2021). Plaintiff has continued this pattern despite orders advising him
> how to proceed. In light of this history, the Court repeats the warning in its January 25, 2021
> order in this action that if he continues filing actions without taking the necessary steps or
> complying with court orders, the Court will not continue to entertain these filings and will direct

69. Stanton's April 21st order holds that John Roe has previously filed "inappropriate motions" but

has failed to define what motions are "inappropriate" including Stanton's reasons, in fact and law,

that support his January 25th and April 21, 2021 order and judgment.

# CONCLUSION

70. The record, including this motion, conclusively supports the contention that this Court must

provide the relief requested herein.

71. The record demonstrates that Judge Stanton is actively engaged in bizarre behavior that includes his and Judge McMahon aiding and abetting the Clerk of the Court's record fabrications amongst other torturous conduct direct at the plaintiffs named herein.

WHEREFORE, PURSUANT TO THE ABOVE FACTS, RECORD AND EVIDENCE Plaintiffs ELTHA JORDAN. JACQUELINE ROSENBERG and RUDY ROSENBERG requests that this Court, grant an order for all relief requested herein in addition to any further relief that this Court may grant.                                   DATED: 04/30/2021

_____

ELTHA JORDAN

_____

RUDY ROSENBERG

_____

JACQUELINE ROSENBERG